CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 28 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MARY F. BADER, | ) |
| | ) Civil Action No. 5:09CV00106 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Honorable Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Mary F. Bader, was born on August 17, 1947, and eventually reached the ninth grade in school. Mrs. Bader has since earned a GED. Plaintiff has worked as a flagger, waitress, convenience store assistant manager, fish cleaning machine operator, clerk, delivery person, and seamstress. She last worked on a sustained basis in 1997. On August 10, 2006, Mrs. Bader filed an application for a period of disability and disability insurance benefits. Plaintiff alleged that she

became disabled for all forms of substantial gainful employment on October 21, 1997 due to herniated discs, arthritis, degenerated neck bone, fibromyalgia, high blood pressure, and emphysema. She now maintains that she has remained disabled to the present time. The record reveals that Mrs. Bader met the insured status requirements of the Social Security Act through the fourth quarter of 2002, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2002. See gen., 42 U.S.C. § 423(a).

Mrs. Bader's application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated March 25, 2008, the Law Judge also determined that Mrs. Bader was not disabled. The Law Judge found that, prior to the termination of her insured status, plaintiff experienced several impairments, including fibromyalgia, degenerative disc disease, tobacco abuse, sinusitis, and bronchitis. However, the Law Judge ruled that none of these conditions constituted a severe impairment within the meaning of the governing regulation, 20 C.F.R. § 404.1521. Accordingly, the Law Judge ultimately concluded that Mrs. Bader was not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(c). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Bader has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such

an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

As previously noted, the Administrative Law Judge denied this case at the second level of the sequential disability analysis, as set forth under 20 C.F.R. § 404.1520, finding that Mrs. Bader did not suffer from a severe impairment at any time during the period in which she still enjoyed insured status. For purposes of determining the existence of a severe impairment, 20 C.F.R. § 404.1521 provides as follows:

> a) Non-severe impairment(s). An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
>
> (b) Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include–
>
>> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>>
>> (2) Capacities for seeing, hearing, and speaking;
>>
>> (3) Understanding, carrying out, and remembering simple instructions;
>>
>> (4) Use of judgment;
>>
>> (5) Responding appropriately to supervision, co-workers and usual work situations; and
>>
>> (6) Dealing with changes in a routine work setting.

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record for the

period prior to the termination of plaintiff's insured status is quite limited. Early reports confirm that Mrs. Bader experiences longstanding defects in her cervical spine. Since at least 1999, plaintiff has received regular treatment from Dr. Danny L. Perry. Dr. Perry's notes reveal treatment for headaches and fibromyalgia. In 1999, he also treated Mrs. Bader for an abscessed tooth, painful urination, sinusitis, and bronchitis. On July 9, 2001, Dr. Perry reported that plaintiff's fibromyalgia had been under relatively good control until the prior weekend, when she experienced a sudden onset of pain. (TR 258). In 2002, Dr. Perry provided treatment for influenza and complaints of neck and right arm pain, which Dr. Perry associated with cervical disc problems. Later in 2002, Mrs. Bader was treated for complaints of chest congestion and fibromyalgia.

The medical record suggests that plaintiff's fibromyalgia, and associated physical complaints, have worsened in the years after termination of insured status. She has also been treated for basal cell carcinoma of the tongue. On June 14, 2007, Dr. Perry completed a medical assessment of plaintiff's physical ability for work-related activity. At that time, Dr. Perry diagnosed fibromyalgia, emphysema, herniated discs in the cervical spine, hypertension, allergic rhinitis, tobacco abuse, and peptic ulcer disease. He reported that Mrs. Bader had received little benefit from various medications. He opined that plaintiff's concentration and attention are substantially impaired. Dr. Perry produced physical findings which indicate total disability for all forms of substantial gainful employment. Dr. Perry opined that plaintiff's symptoms and limitations have persisted since July 9, 2001. Based on Dr. Perry's report, Mrs. Bader now maintains that the Commissioner erred in determining that she was not disabled on or before December 31, 2002.

The court believes that the Administrative Law Judge reasonably determined that plaintiff did not suffer a severe impairment prior to the termination of her insured status. As noted by the Administrative Law Judge, the medical reports actually compiled during that critical period are not consistent with the existence of any significant physical or emotional conditions. Indeed, the medical record developed through 2006 does not include any clinical notations of significant musculoskeletal manifestations. During this entire period, plaintiff demonstrated essentially normal gait and range of motion of the extremities. Dr. Perry prescribed mild analgesics, and he did not find it necessary to refer Mrs. Bader to a rheumatologist. While Dr. Perry's functional assessment in 2007 suggests that plaintiff was suffering from disabling impairments as early as 2001, the court believes that the Administrative Law Judge properly determined that the contemporaneous medical records do not document the existence of impairments which could reasonably be expected to affect plaintiff's capacity for work-related activities.

The court also notes that, in denying plaintiff's claim for benefits, the Administrative Law Judge properly relied on a consultative report completed by Dr. Ericka Young on October 8, 2006, as well as on a report from a non-examining state agency physician. Upon examination of Mrs. Bader almost four years after the termination of insured status, Dr. Young noted essentially normal coordination, station, and gait. Dr. Young diagnosed fibromyalgia with degenerative joint disease of the cervical spine. Dr. Young opined that plaintiff was capable of at least light levels of physical activity. The court must agree that the consultative report is more thorough and detailed than the assessment of Dr. Perry. Once again, Dr. Perry's opinion as to plaintiff's level of incapacitation in 2001 is simply not consistent with the objective medical findings of that earlier period, including those made by Dr Perry himself. Given such a contrast in the medical

5

record, the court believes that the Administrative Law Judge reasonably concluded that plaintiff's impairments did not reach a disabling level of severity on or before the date of termination of her insured status.

On appeal to this court, plaintiff's attorney correctly noted at oral argument that it is very difficult to prove disability onset at a much earlier point in time. Counsel urges that, in such cases, greater weight should be given to the testimony of the claimant in determining when the claimant's impairments began to affect performance of work activity. In the instant case, the court agrees that Mrs. Bader's testimony is suggestive of severe and disabling physical problems existing well before December 31, 2002. Once again, however, the difficulty in Mrs. Bader's case is that the objective medical findings during the earlier period are simply not consistent with the level of pain, subjective discomfort, and physical limitation described by Mrs. Bader in her testimony. It is well settled that, in order to find a claimant disabled on the basis of pain, there must be a showing by objective medical evidence of a condition reasonably likely to cause the pain claimed. Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006). The court must conclude that the Administrative Law Judge reasonably determined that Mrs. Bader has not met this burden.

In summary, the court finds the Commissioner's final decision in this case to be supported by substantial evidence. It follows that the final decision of the Commissioner must be affirmed. In affirming the Commissioner's final decision, the court does not suggest that Mrs. Bader is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that her fibromyalgia has worsened in more recent years, and that she has continued to experience problems in her cervical spine. However, it must again be noted that, as late as 2006, a consultative medical evaluation resulted in a finding of residual functional capacity for lighter

forms of work activity. While the court does not doubt that Mrs. Bader suffered from some level of pain on and before December 31, 2002, the medical record from that earlier period does not support any assertion of total disability. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 28th day of September, 2010.

_____
Chief United States District Judge